FILED
United States Court of Appeals
Tenth Circuit

**January 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN HAYDEN BLANKENSHIP, as
Co-Personal Representative of the Estate of
Andrea Lynn Blankenship, deceased (DC
Grady Co. PB-2021-43); HAYLEE
BLANKENSHIP, as Co-Personal
Representative of the Estate of Andrea
Lynn Blankenship, deceased (DC Grady
Co. PB-2021-43); DELSIE MAY PYE,
individually and as Personal Representative
of the Estate of Leon W Pye; (DC Grady
Co. PB-2022-19); TASHA COLLEEN
YATES, as next friends of, with Delsie
Mae Pye as Personal Representative of the
Estate of K.W.R.P (a/k/a Yates)(DC Okla.
Co. PB-2022-171); TARANZO LENARD
PYE, as next friends of, with Delsie Mae
Pye as Personal Representative of the
Estate of K.W.R.P (a/k/a Yates)(DC Okla.
Co. PB-2022-17),

     Plaintiffs - Appellants,

v.

JOHN KEVIN STITT; STATE OF
OKLAHOMA, EX REL.  OKLAHOMA
PARDON AND PAROLE BOARD;
ADAM LUCK, individually and as former
Board Member of Pardon and Parole
Board; KELLY DOYLE, individually and
as former Board Member of Pardon and
Parole Board; C. ALLEN MCCALL,
individually and as former Board Member
of Pardon and Parole Board; LARRY
MORRIS, individually and as former
Board Member of Pardon and Parole
Board; STATE OF OKLAHOMA,
EX REL.  OKLAHOMA DEPARTMENT

No. 24-6053
(D.C. No. 5:22-CV-00958-PRW)
(W.D. Okla.)

OF CORRECTIONS; SCOTT CROW,
as Director of Oklahoma Department of
Corrections; ROSS FISHER, as Chief
Medical Officer of the Oklahoma
Department of Corrections; JANNA
MORGAN, as Chief Mental Health Officer
of the Oklahoma Department of
Corrections,

      Defendants - Appellees,

and

TOM BATES; EDWARD KONIECZNY;
SCOTT WILLIAMS; CATHY STOCKER;
RICHARD SMOTHERMON; THE
OKLAHOMA MENTAL HEALTH
COUNCIL, INC., d/b/a Red Rock
Behavioral Health Services; VIVIAN
HASBROOK; LAWRENCE PAUL
ANDERSON; ROBERT GILLILAND;
JOHN OR JANE DOE,

      Defendants.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2020, the Oklahoma Pardon and Parole Board (PPB) and the governor commuted Lawrence Paul Anderson's sentence to nine years, leading to his release from prison in 2021. Three weeks later, he murdered Andrea Lynn Blankenship, Leon W. Pye, and a minor, and severely injured Delsie Mae Pye.

Ms. Pye and the personal representatives of the deceased victims' estates sued various state defendants, including the PPB, former and current PPB members, Governor Kevin Stitt, the Oklahoma Department of Corrections (DOC), and employees of the DOC. Their amended complaint sought relief under 42 U.S.C. § 1983 for constitutional violations and under state law.

The (1) DOC and three DOC employees, (2) Governor Stitt, (3) the PPB, and (4) the former members of the PPB separately moved to dismiss. The district court granted the motions and declined to exercise supplemental jurisdiction over the remaining state-law claims.[1] Plaintiffs appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

### 1. Factual Allegations

The amended complaint alleged as follows.

---

[1] In a later order, the district court granted Plaintiffs' motion to dismiss with prejudice all § 1983 or any other federal claims against the current PPB members (the claims against them had previously been dismissed without prejudice). In another order, the court granted Plaintiffs' motion to dismiss the four remaining defendants without prejudice as there were no federal claims asserted against them and no diversity of citizenship. Those defendants were John or Jane Doe, the Oklahoma Mental Health Council, Inc., d/b/a Red Rock Behavioral Health Services, Vivian Hasbrook, and Lawrence Anderson.

In July 2019, the PPB denied Mr. Anderson's first commutation request. In August 2019, he filed another request, which the PPB considered even though he was not eligible for consideration for three more years. The PPB recommended commutation, and Governor Stitt commuted the sentence to nine years. In January 2021, Mr. Anderson was released from prison. Shortly thereafter, he murdered Ms. Blankenship, Mr. Pye, and a minor, and attempted to murder Ms. Pye.

After an investigation, a grand jury determined that "[a]t least one high level member of the Board's administrative staff became aware of the Anderson case being docketed in error, which could have been easily corrected; however, a unilateral decision was made by one person to not bring it to the attention of the Board or the Governor's office." Aplt. App. vol. I at 37. The grand jury concluded the three deaths could have been avoided had the PPB followed applicable law.

Plaintiffs averred, "The basis of this lawsuit against the State and these Defendants is their failure to abide by, follow and observe policies, procedures and protocols related to whether an inmate is eligible to apply for or may even be considered for commutation, and the State's abject failure to protect Plaintiffs' Constitutional rights to life, liberty and property." Id. at 30.

## 2. District Court

In its February 22, 2024 order granting the motions to dismiss, the district court determined that the Plaintiffs had failed to state a claim for Fourth or Eighth Amendment violations, leaving only the Fourteenth Amendment § 1983 claims. It also said Eleventh Amendment sovereign immunity barred the official capacity

4

claims against the state defendants.  The court dismissed the individual capacity claims against the former PPB members based on absolute immunity and against Governor Stitt and the DOC defendants based on qualified immunity.  Finally, it declined to exercise supplemental jurisdiction over the state law claims.

### 3.  Discussion

We review de novo a dismissal under Federal Rule Civil Procedure 12(b)(6). *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009).  "In reviewing a dismissal, we must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Id.*  "Our inquiry is whether the complaint contains enough facts to state a claim for relief that is plausible on its face." *Id.*

Plaintiffs' five issues in their appellate brief boil down to whether the district court erred in dismissing (1) the § 1983 claims against the former PPB members based on absolute immunity, and (2) the § 1983 claims against the DOC employees and Governor Stitt based on qualified immunity.[2]  Having reviewed the briefs, the record, and the applicable law, we conclude the Plaintiffs have failed to show the district court erred.

---

[2] Plaintiffs do not address the district court's determinations that (1) their amended complaint failed to state a claim for violations of the Fourth or Eighth Amendments or (2) that the Eleventh Amendment barred their official capacity claims against the state defendants.  They therefore have waived appellate review of those rulings.  *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

**4. Conclusion**

We affirm the district court's judgment for substantially the same reasons stated in its thorough and well-reasoned February 22, 2024 order.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge